IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARY D. TAYLOR, §
        Petitioner, §
 §
v. § Civil Action No. 4:17-CV-220-O
 §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
        Respondent. §

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gary D. Taylor, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought, the Court has concluded that the petition should be dismissed, in part, as a successive petition and denied, in part.

## **I. BACKGROUND**

Petitioner continues to serve concurrent 25-year sentences in TDCJ on his 2010 convictions in Tarrant County, Texas, Case No. 1201358R, for attempted arson and stalking. Pet. 2,[1] ECF No. 1. This is Petitioner's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court related to and/or challenging the same convictions. Pet., Taylor v. Stevens, No. 4:13-CV-835-O, ECF No. 1.[2] The factual and procedural history of the case is set forth in the Court's opinion in the prior case. *Id.,* ECF No. 18. Petitioner has also filed four state habeas-corpus applications challenging his 2010 convictions, the fourth and most current of which is relevant to

---

[1]Because there are attachments to the form petition, the pagination in the ECF header is used.

[2]The Court takes judicial notice of the pleadings and state court records filed in the prior federal habeas action.

this federal proceeding.³

## II. ISSUES

Petitioner's grounds for relief are construed as follows:

(1) The state failed or refused to respond to ground one raised in his fourth state habeas application that "newly discovered evidence" indicates that Texas Penal Code § 15.01 (entitled "Criminal Attempt") was not properly applied to his case and the face of the judgment does not expressly state that attempted arson is a lesser included offense of arson alleged in count one of the indictment;

(2) The state failed to respond to grounds two and three raised in his fourth state habeas application regarding "newly discovered" information and evidence concerning parole and doubly jeopardy;

(3) The trial court failed to (a) admonish and sentence Petitioner in the correct punishment range and (b) respond to the issue raised in his fourth state habeas application;

(4) The state improperly charged and tried Petitioner in "a multiple choice indictment and the jury was misinstructed that they had the right to select from multiple choice charges in the indictment."

Pet. 6-7, ECF No. 1.⁴

Respondent asserts that the petition is successive, or, in the alternative, untimely, as to one or more of Petitioner's claims and that the petition fails to state a cognizable federal habeas claim as to one or more of his claims. Resp't's Answer 1, ECF No. 10.

---

³Petitioner's state habeas proceeding in WR-53,090-05 is his fourth state habeas application challenging his 2010 convictions.

⁴Claims raised in Petitioner's first three state habeas-corpus applications and reasserted in his reply brief in addition to any new claims raised for the first time in his reply brief are not considered by the Court. *See United States v. Sangs,* 31 Fed. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition ) (citing *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

**III. DISCUSSION**

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense(s). *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

After reviewing Petitioner's current claims, it is apparent from the face of the petition that it is a second or successive petition as to grounds (3)(a) and (4)–*i.e.*, claims that were or could have been raised in his first petition, and Petitioner neither asserts nor demonstrates that he has received authorization from the Fifth Circuit Court of Appeals to file the petition. *See* 28 U.S.C. § 2244(b)(1)-(3). *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Court chooses the first procedure as to grounds (3)(a) and (4).

Under grounds (1), (2), and (3)(b), Petitioner complains that his fourth state habeas application was denied without a hearing and that the state and/or trial court failed or refused to

3

respond to one or more of his claims in the application. However, alleged infirmities or defects in the state habeas proceedings are not cognizable on federal habeas review. *See Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999). That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself. *See Rudd,* 256 F.3d at 320; *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995). Petitioner's challenge to the state's or the state courts' acts or omissions during the proceedings is merely an attack on infirmities in the state habeas proceedings and is foreclosed. *See Wenger v. Thaler,* No. 4:10-CV-654-A, 2010 WL 5050991, at *5 (N.D. Tex. Dec. 3, 2010).

## IV. CONCLUSION

For the reasons discussed herein,

Petitioner's petition as to grounds (3)(a) and (4) is DISMISSED without prejudice subject to authorization from the Fifth Circuit Court of Appeals to bring the petition in accordance with the provisions of 28 U.S.C. § 2244(b). The petition is DENIED as to grounds (1), (2), and (3)(b). A certificate of appealability is also DENIED.

**SO ORDERED** on this 17th day of October, 2018.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE